UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JESUS NOEL FLORES VILORIO, on behalf of himself
And all other persons similarly situated,

                              Plaintiff,           **CLASS ACTION**
   -against-                                          **COMPLAINT**

RIO GRANDE FOOD PRODUCTS, INC.,
,
                              Defendant.
------------------------------------------------------------------------X

       Plaintiff, JESUS NOEL FLORES VILORIO ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, RIO GRANDE FOOD PRODUCTS, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

       1.    Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked as warehouse workers, delivery drivers and helpers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages for violations of the New York Labor Law ("NYLL"). Plaintiff seeks injunctive and declaratory relief, unpaid wages, liquidated damages, statutory damages, pre-judgment interest, attorneys' fees and costs and other appropriate relief pursuant to NYLL § 198.

## JURISDICTION AND VENUE

       2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

       3.    Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions

1

giving rise to the claims occurred in this district and Plaintiff suffered the losses at issue in this District.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. Defendant, RIO GRANDE FOOD PRODUCTS, INC., is a Maryland corporation with its principal place of business located at 8610 Cherry Lane, Suite 51, Laurel, MD 20207.

6. At all times relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

7. At all times relevant, Defendant was an "employer" within the meaning of NYLL § 190(3).

## FACTUAL ALLEGATIONS

8. Defendant is engaged in the manufacture and distribution of Hispanic grocery products, has a presence in 32 states in the United States and Canada, and has annual revenue of $20 million.

9. Plaintiff was employed by Defendant as a truck driver delivering food products from Defendant' warehouse located at 120 Eileen Way, Syosset from in or about May 2022 to in or about October 2022.

10. Plaintiff's job duties included driving, making deliveries, and loading and unloading trucks. Plaintiff and other Class Members spent more than twenty-five percent of their hours worked each week performing manual tasks.

11. Defendant failed to pay Plaintiff and similarly situated persons who have worked for Defendant as hourly-paid warehouse workers, drivers and helpers in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the

wages are earned" as required by NYLL § 191. Instead, Defendant paid Plaintiffs and similarly situated persons on a bi-weekly basis pursuant to its payroll policy in violation of NYLL § 191.

12. Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

13. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

14. By withholding the wages due and owing to the Plaintiff and Class Members, Defendant deprived the Plaintiff and Class Members of use of those funds to meet their everyday expenses and provide for their basic needs including, but not limited to, food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education, daycare or childcare, public transportation, and other basic living expenses. Further, the earned wages were not available to Plaintiffs and Class Members to invest and grow, save or accumulate interest.

15. Plaintiff regularly worked more than 40 hours in a single workweek. Plaintiff regularly worked Monday through Friday. Plaintiff began work each workday at 4:30 a.m. The time that Plaintiff finished work varied from workday to workday but ranged between 4:00 p.m. and 9:00 p.m. On average, Plaintiff worked between 75 and 85 hours per workweek.

16. Defendant determined Plaintiff's wages based on a daily rate of $200.00, regardless of the actual number of hours that Plaintiff worked each workweek.

17. Defendant paid Plaintiff at a rate that fell below the statutory minimum rate of $15 per hour for all hours worked by Plaintiff each workweek.

18. Defendant failed to pay Plaintiff at a rate not less than one and one-half times the statutory minimum wage for hours worked in excess of 40 hours in a single workweek in violation of the NYLL and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

19. Plaintiff regularly worked a day that exceeded 10 hours from its start to its finish.

20. Defendant unlawfully failed to pay Plaintiff an additional hour at the minimum wage for each shift that spanned over a 10-hour period, as required by 12 N.Y.C.R.R. § 142.

21. Defendant failed to provide Plaintiff with an accurate wage statement indicating, *inter alia*, the accurate regular and overtime rates of pay, number of regular and overtime hours worked, or the correct gross pay, net pay, or deductions, during each pay period as required by NYLL § 195(3).

22. Defendant willfully disregarded and purposefully evaded record keeping requirements of the NYLL by failing to maintain accurate records of the hours worked by Plaintiff and Class Members daily and weekly.

23. On or about October 1, 2022, Plaintiff complained to Defendant its failure to properly compensate him for all hours worked.

24. On or about October 4, 2022, Defendant retaliated against Plaintiff because he complained about Defendant's failure to properly compensate him for all hours worked by terminating Plaintiff's employment in violation of NYLL § 215.

25. Defendant's conduct was done in conscious disregard of Plaintiff's rights.

26. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered, and continues to suffer, economic harm, including lost wages and employee benefits, and mental anguish, for which he is entitled to an award of monetary damages and other relief.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK LABOR LAW

27.	Plaintiff brings NYLL claims on behalf of himself and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendant as warehouse workers, drivers and helpers in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

28.	The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  Upon information and belief, there are at least 100 Class Members who have worked for Defendant as warehouse workers, drivers and helpers in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

29.	The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 40 individuals who are currently, or have been, employed by Defendant as hourly-paid warehouse workers, drivers and helpers at any time during the six (6) years prior to the filing of the initial Complaint.

5

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of NYLL § 191, whether Defendant failed to pay Plaintiff and Class Members at a rate that fell below the statutory minimum wage, whether Defendant failed to pay Plaintiff and Class Members overtime for hours worked in excess of 40 hours in a single work, whether Defendant failed to pay Plaintiff and Class Members spread-of-hours pay, whether Defendant failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period, whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members, whether Defendant' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay was done willfully and/or with reckless disregard of the state wage and hour laws, whether Defendant took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members, whether Defendant' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law, and whether and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

31. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by NYLL § 191. Defendant failed to pay Plaintiff and the Class Members at least the statutory minimum rate for all hours worked each workweek. Defendant failed to pay Plaintiff and Class Members at a rate of required overtime compensation under the NYLL during workweeks where they worked in excess of 40 hours. Defendant failed to pay Plaintiff and Class Members spread-of-hours pay when they worked a day

6

that was longer than 10 hours from start to finish. Defendant failed to furnish Plaintiff and the Class Members with accurate wage statements in violation of NYLL § 195(3). Additionally, Defendant' failure to timely pay wages earned caused Plaintiff and the Class Members to suffer the same or similar harms. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

32.     All the Class Members were subject to the same corporate practices of Defendant. Defendant' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

33.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

34.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

35.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of

these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

36. The members of the Class have been damaged and are entitled to recovery as a result of Defendant' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

37. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant' practices.

38. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FREQUENCY OF PAYMENT VIOLATION**

39. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

40. Plaintiff and Class Members are manual workers within the meaning of NYLL § 190(4).

41. Defendant were required to pay the Plaintiff and Class Members on a weekly basis, and not later than seven days after the end of the workweek in which the wages were earned.

42. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of NYLL § 191.

43. Plaintiff and Class Members are entitled to damages equal to the total amount of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## OVERTIME VIOLATION

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendant employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage rate in violation of the NYLL.

46. By Defendant's failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

47. Plaintiff and Class Members are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## MINIMUM WAGE VIOLATION

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant failed to pay Plaintiff and Class Members for all hours worked at a rate not less than the statutory minimum wage in violation of the NYLL.

50. By Defendant's failure to pay Plaintiff and Class Members minimum wages for all hours worked, Defendant has willfully violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

51. Plaintiff and Class Members are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
## SPREAD-OF-HOURS VIOLATION

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendant failed to pay Plaintiff and Class Members one additional hour's pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law § 650 et seq. and 12 N.Y.C.R.R. § 142.

54. Defendant' failure to pay spread-of-hours pay was willful.

55. Plaintiff and Class Members are entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

56. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendant failed to provide Plaintiff and Class Members with accurate statements of their wages earned, including, *inter alia*, their accurate regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by NYLL § 195(3).

58. Due to Defendant' failure to provide Plaintiff and Class Members with accurate wage statements as required by NYLL § 195(3), Plaintiff and Class Members are entitled to statutory damages, attorneys' fees and costs of this action.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF NYLL § 215

59. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Plaintiff made a complaint to Defendant that it has engaged in conduct that he reasonably and in good faith believed violated Article 6 of the NYLL.

61. Defendant retaliated against Plaintiff because of his complaint in violation of NYLL § 215.

62. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, including lost wages and employee benefits, for which he is entitled to an award of monetary damages and other relief.

63. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

64. Defendant's conduct was done in conscious disregard of Plaintiff's protected rights.

65. Plaintiff is entitled to liquidated damages.

66. Notice of this claim will be served upon the Office of the New York State Attorney General.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) An order restraining Defendant from any retaliation against Plaintiff and Class Members for participation in any form in this litigation;

(ii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL;

(iii.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(iv.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(v.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(vi.) Damages pursuant to NYLL § 198;

(vii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(viii.) Pre-judgment and post-judgment interest as permitted by law; and

(xi.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
December 8, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*